UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:17 cr 199 T 23 TGW
21 U.S.C. § 846
TYRONE ANDERSON 21 U.S.C. § 841

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date through on or about September 28, 2015, in the Middle District of Florida, and elsewhere, the defendant,

TYRONE ANDERSON,

did knowingly and willfully combine, conspire, and agree with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, which violation involved five-hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of

heroin, a Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(viii), (b)(1)(C).

All in violation of 21 U.S.C. § 846.

**COUNT TWO**

On or about September 28, 2015, in the Middle District of Florida, the defendant,

TYRONE ANDERSON,

did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which violation involved five-hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of heroin, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(viii), (b)(1)(C).

In violation of 21 U.S.C. § 846.

**COUNT THREE**

On or about September 28, 2015, in the Middle District of Florida, the defendant,

TYRONE ANDERSON,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved five-hundred (500) grams or more of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(viii), (b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii), (b)(1)(C).

**FORFEITURE**

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of any of the violations alleged in Counts One through Three in this Indictment, punishable by imprisonment for more than one year, the defendant TYRONE ANDERSON shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

[signature]
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: [signature]
Daniel M. Baeza
Assistant United States Attorney

By: [signature]
Joseph K. Ruddy
Assistant United States Attorney
Chief, Narcotics Section

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

TYRONE ANDERSON

**INDICTMENT**

Violations: 21 U.S.C. §§ 846 and 841

A true bill,

Foreperson

Filed in open court this 27th day

of April 2017.

Clerk

Bail $